Approved: _____       **ORIGINAL**
KEDAR S. BHATIA
Assistant United States Attorney

Before:   THE HONORABLE ONA T. WANG            **19MAG 7240**
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :   <u>SEALED COMPLAINT</u>

          - v. -                   :   Violation of
                                       18 U.S.C. §§
ISSIAGA SYLLA, and                 :   1344 and 2
SALIFOU CONDE,
                Defendants.        :   COUNTY OF OFFENSE:
                                       NEW YORK
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      ZACHARY K. GOODMAN, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation and charges as follows:

COUNT ONE
(Bank Fraud)

      1.   From at least in or about 2015, up to and including at least in or about 2019, in the Southern District of New York and elsewhere, ISSIAGA SYLLA and SALIFOU CONDE, the defendants, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, SYLLA and CONDE fraudulently deposited rent assistance checks issued to other individuals by the New York City Human Resources Administration ("HRA") into numerous bank accounts they controlled without being authorized to deposit the checks, and then withdrew funds from those accounts.

      (Title 18, United States Code, Sections 1344 and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been with the FBI for approximately two years. Through my conversations, I have become familiar with various public assistance programs that are administered by New York City. Through my training and experience, I have become familiar with bank fraud and check fraud schemes involving false identities.

3. I have participated in the investigation of this matter, and I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, and conversations that I have had with other law enforcement officers and other individuals. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents, and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my conversations with other law enforcement officers and my review of publically available information, I have learned the following:

   a. The HRA is an agency of the City of New York responsible for administering certain of the City's public assistance programs. Among other things, HRA provides rental assistance to individuals and families with social service and economic needs; and

   b. For individuals who qualify, HRA provides rental assistance by sending monthly rent supplement checks to landlords to cover a portion of the cost of documented expenses such as rent or storage costs ("HRA Supplement Checks"). HRA disburses monthly rent supplements by issuing checks directly to landlords via mail. The checks are addressed and made payable to the landlords.

5. Based on my conversations with other law enforcement officers and my review of bank records, I have learned that, since at least in or about 2015, a number of HRA Supplement Checks have not been received by the intended landlord but have nevertheless been deposited into bank accounts.

6.  Based on my review of bank records, including surveillance photographs, I have learned that individuals matching the appearance of ISSIAGA SYLLA and SALIFOU CONDE, the defendants, based on photographs contained in law enforcement databases, deposited HRA Supplement Checks addressed to various payees into bank accounts SYLLA and CONDE controlled, and then withdrew money from those accounts. For example:

a.  On or about June 29, 2018, an individual matching the appearance of SYLLA deposited HRA Check No. 44647289, worth $620.00, into a bank account belonging to an individual named "Alexander Egber." The bank account is owned and operated by a national bank and accounts at the bank are insured by the Federal Deposit Insurance Corporation ("Bank-1"). The payee on the check was not SYLLA or "Alexander Egber." The deposit was made at an Automated Teller Machine ("ATM") located in the Manhattan borough of New York, New York;

b.  On or about July 2, 2018, an individual matching the appearance of SYLLA deposited HRA Check No. 42428192, worth $607.00, into the "Alexander Egber" account. The payee on the check was not SYLLA, "Alexander Egber", or the payee listed on the check deposited on June 29, 2018. The deposit was made at an ATM in Manhattan;

c.  On or about July 4, 2018, an individual matching the appearance of SYLLA withdrew $540.00 from the "Alexander Egber" account. The withdrawal was made at an ATM in the Bronx, New York;

d.  On or about July 26, 2018, an individual matching the appearance of CONDE deposited HRA Check No. 42937224, worth $601.50, into an account belonging to an individual named "Harouna Derme." The "Harouna Derme" account is owned and operated by a national bank and accounts at the bank are insured by the Federal Deposit Insurance Corporation ("Bank-2"). The payee on the check was not CONDE or "Harouna Derme." The deposit was made at an ATM in Manhattan;

e.  On or about July 27, 2018, an individual matching the appearance of CONDE deposited HRA Check No. 44688421, worth $750.00, into the "Harouna Derme" account. The payee on the check was not Conde, "Harouna Derme," or the payee listed on the check deposited on July 26, 2018. The deposit was made at an ATM in Manhattan;

f.  On or about July 29, 2018, an individual matching the appearance of CONDE deposited HRA Check No.

42930568, worth $537.00, into the "Harouna Derme" account. The payee on the check was not Conde, "Harouna Derme," the payee listed on the check deposited on July 26, 2018, or the payee listed on the check deposited on July 27, 2018; and

        g.   On or about July 29, 2018, an individual matching the appearance of CONDE withdrew $780.00 from the "Harouna Derme" account.

       7.   Based on my review of bank account records, I have learned that ISSIAGA SYLLA and SALIFOU CONDE, the defendants, deposited HRA Supplement Checks in the names of other payees into the same accounts and withdrew money from the same accounts. For example:

        a.   On or about September 28, 2016, an individual matching the appearance of CONDE deposited HRA Check No. 43726831, worth $430.00, into a bank account belonging to an individual named "Abou Bande." On or about December 15, 2016, an individual matching the appearance of SYLLA deposited HRA Check No. 43803044, worth $912.54, into the same bank account. The payees on these two checks were not SYLLA, CONDE, or "Abou Bande." The deposits were both made at ATMs in Manhattan; and

        b.   Between on or about August 1, 2018, and August 21, 2018, 17 HRA Supplement Checks worth $10,867.99 were deposited into an account belonging to "Simon Sery." None of the payees on the checks was SYLLA, CONDE, or "Simon Sery." On or about August 23, 2018, an individual matching the appearance of SYLLA withdrew $800.00 in cash from the account. On or about August 24, 2018, an individual matching the appearance for SYLLA withdrew $1,000.00 in cash from the account. On or about August 28, 2018, an individual matching the appearance of CONDE withdrew $600.00 in cash from the account. On or about August 30, 2018, an individual matching the appearance of CONDE withdrew $860.00 in cash from the account. On or about August 31, 2018, an individual matching the appearance of CONDE deposited into the account HRA Check No. 20119456, worth $663.00, and HRA Check No. 20180380, worth $601.50. The payee listed on the check was not SYLLA, CONDE, or "Simon Sery." The August 23 and August 24 withdrawals were done at ATMs in the Bronx, and the August 31 withdrawal was done at an ATM in Manhattan.

       8.   All of the deposited HRA Supplement Checks specifically referenced above feature two endorsements on the back side of the check. Based on my training and experience, and my conversations with other law enforcement officers, I have

learned that this so-called "Double Endorsement" is designed to tell a bank that the checks were first endorsed from the original payee to the individual associated with the bank account, and then subsequently endorsed by that person for deposit into a bank account.

9. All of the deposits or withdrawals specifically identified in this Affidavit were made at ATMs. Based on my training and experience, I know that individuals engaged in fraudulent activities are more likely to use ATMs to deposit checks or make withdrawals than to use human tellers. The reason for this is that the individuals engaged in fraudulent activity will not be prompted to show identification if they use an ATM, which could happen if they transacted with human tellers.

10. Based on my own observations, my conversations with other law enforcement officers, and my review of sign-in sheet from the United States Post Office at Church Street in Manhattan (the "Church Street Post Office"), I have learned the following:

a. When HRA Supplement Checks cannot be delivered to their intended recipients via mail, they are returned to Post Office Box 101 at the Church Street Post Office;

b. ISSIAGA SYLLA and SALIFOU CONDE, the defendants, work for a courier company that has been hired by New York City to pick up the undeliverable checks from the Church Street Post Office and deliver them back to the HRA office.

c. On July 3, 2019, law enforcement officers observed CONDE picking up a large quantity of undeliverable HRA Supplement Checks from the Church Street Post Office in a car; and

d. On July 31, 2019, and August 1, 2019, law enforcement officers observed SYLLA picking up a large quantity of undeliverable HRA Supplement Checks from the Church Street Post Office in a car.

11. Since in or about 2015, more than 3,000 HRA Supplement Checks have been deposited in the matter described above into a set of more than 50 different accounts. Based on my training and experience, I believe it is unlikely that the many payees on these checks authorized ISSIAGA SYLLA and SALIFOU CONDE, the defendants, to deposit those checks and withdraw

money based on those deposits. Furthermore, based on my training and experience, SYLLA's and CONDE's use of names and identities other than their own suggests that they are trying to conceal their fraudulent activity.

WHEREFORE, deponent respectfully requests that warrants be issued for the arrest of ISSIAGA SYLLA and SALIFOU CONDE, the defendants, and that they be arrested, and imprisoned or bailed, as the case may be.

_____
SPECIAL AGENT ZACHARY K. GOODMAN
FEDERAL BUREAU OF INVESTIGATION

Sworn to before me this
4th day of August, 2019

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK